UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNIE WILKERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06CV496 RWS |
| | ) | (TIA) |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Johnie Wilkerson for a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner, Johnie Wilkerson, is presently confined in the Jefferson City Correctional Center located in Jefferson City, Missouri, pursuant to the judgments of conviction and sentence entered in the Circuit Court of the City of St. Louis, Missouri. On October 19, 2001, a jury found Petitioner guilty of one count of murder in the first degree, two counts of first degree assault on a law enforcement officer, and three counts of armed criminal action. (Resp. Exh. 3, pp. 134-139) On December 17, 2001, the court entered a Sentence and Judgment, sentencing Petitioner to life imprisonment without the possibility of parole on the first degree murder conviction, to be served concurrent with four prison terms of twenty years and consecutive with life imprisonment. (Resp. Exh. 3, pp. 176-180)

Petitioner filed a direct appeal, and on May 1, 2003, the Missouri Court of Appeals affirmed the judgment. (Resp. Exh. 6); State v. Wilkerson, 100 S.W.3d 820 (Mo. Ct. App. 2003). Petitioner

then filed a motion and an amended motion to vacate, set aside or correct the judgment and sentence under Missouri Supreme Court Rule 29.15, which the motion court denied. (Resp. Exh. 8, pp. 2-21; 27-51; 52-59) On March 21, 2005, the Missouri Court of Appeals affirmed the motion court's denial of Petitioner's motion for post-conviction relief. (Resp. Exh. 11); Wilkerson v. State, 156 S.W.3d 439 (Mo. Ct. App. 2005).

On March 21, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus in federal court, alleging three grounds for relief:

1. Trial counsel was ineffective for failing to investigate mobile phone records, failing to order DNA testing on clothing, and failing to order ballistics tests on bullet holes in vehicles;

2. Trial counsel was ineffective for failing to adequately prepare the Petitioner for cross-examination; and

3. Petitioner is actually innocent of the crimes for which he was convicted pursuant to evidence available at the time of trial and newly discovered evidence.

## Discussion

### Claims One and Three

Petitioner first claims that trial counsel was ineffective for failing to investigate mobile phone records, failing to order DNA testing on clothing, and failing to order ballistics tests on bullet holes in vehicles. Respondent contends that Petitioner has procedurally defaulted on his first ground because Petitioner failed to raise the claim in his amended motion for post-conviction relief and in the post-conviction appeal. The undersigned agrees that Petitioner is procedurally barred from presenting this claim in federal court. Neither the amended Rule 29.15 motion nor the post-conviction appeal contains this claim. (Resp. Exh. 8, pp. 27-51; Exh. 9)

"'[A] habeas petitioner must have raised both the factual and legal bases for each

2

ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review.'" Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (quoting Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994)). Even if a petitioner raises ineffective assistance of counsel claims in a Rule 29.15 motion, failure to include those claims in his appeal to the Missouri Court of Appeals constitutes procedural default. Id. A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. "[A] claim of 'actual innocence' is . . . a gateway though which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Mansfield v. Dormire, 202 F.3d 1018, 1024 (8th Cir. 2000). To successfully assert actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. A petitioner must also establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327; Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001). The

Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id. at 324.

Although Petitioner does not raise a cause and prejudice argument, he contends that he is actually innocent of the crimes for which he was convicted. Specifically, Petitioner maintains that mobile phone records obtained after the trial prove that the mobile phone, found next to Petitioner's hotel room key in a parking lot across from the crime scene, belonged to the Petitioner. Further, two police officers testified that the actual shooter was never near that lot. Thus, Petitioner argues that this new evidence supports his trial testimony that he had been accidentally shot in the parking lot while fleeing from the actual shooter. In addition, Petitioner claims that someone took an incoming call on that phone after Petitioner had been shot and slipped into a coma, demonstrating a likelihood that the officers knew the cell phone belonged to the Petitioner. Petitioner maintains that this evidence would have shown inconsistencies or "lies" in the police officers' testimonies and that, in light of this evidence, no reasonable juror would have found Petitioner guilty.

Petitioner also claims that DNA testing would demonstrate that Petitioner was not wearing the clothing that the police officers testified the shooter wore. Thus, Petitioner asserts that such testing would show his innocence. Petitioner additionally argues that other evidence, available at trial, regarding bullet holes and shell casings found in the parking lot substantiates Petitioner's testimony and demonstrates that the police officers moved the shell casings to fit their version of events.

The Court finds that the evidence which Petitioner claims will exonerate him is nothing more than cumulative and/or speculative and fails to reach the standard set forth in Schlup. First, Petitioner has failed to demonstrate that this evidence is "new." Evidence is not new where it was available at

trial or could have been discovered earlier by exercising due diligence. Morris v. Dormire, 217 F.3d 556, 559 (8th Cir. 2000).

Petitioner contends that although bullet holes in several vehicles substantiated the defense theory, counsel never pursued ballistic evidence. However, both the prosecutor and the defense attorney elicited testimony regarding recovered shell casings and their locations. (Resp. Exh. 2, pp. 438-461; 498-509) In his pro se rule 29.15 motion, Petitioner mentions that trial evidence revealed that a shell casing was found in the parking lot and that counsel failed to develop any testimony regarding this shell. Further, a police report allegedly stated that a car in that lot had bullet damage. (Resp. Exh. 8 pp. 12-19) Petitioner's argument indicates that the information was available earlier through the exercise of due diligence. Thus, further testing to match the shell casings and bullet holes found in the parking lot to the officers guns was available at the time of trial and is not new under the standard set forth in Schlup.[1] See Johnson v. Norris, 170 F.3d 816, 819 (8th Cir. 1999) (finding evidence not new where the petitioner was aware of facts at the time of trial); Smith v. Bowersox, No. 4:04CV00074 RWS (FRB), 2007 WL 748462, at *8 (E.D. Mo. March 7, 2007) (finding that petitioner's explanation of the victim's injuries was not new evidence because it was available to petitioner at the time of his trial).

In addition, potential DNA evidence is not new reliable evidence. Petitioner acknowledges that the clothing in question, which contained blood stains, was introduced into evidence during the trial. (Petition, p. 5) As previously stated, evidence is not new where it was available at trial or could

---

[1] Petitioner also claims that ballistic evidence "would have impeached the officer's testimony and reinforced defendant's testimony." However, evidence which merely tends to impeach witness testimony is insufficient to demonstrate actual innocence. Morris v. Dormire, 217 F.3d 556, 559 (8th Cir. 2000).

5

have been discovered earlier by exercising due diligence. Morris v. Dormire, 217 F.3d 556, 559 (8th Cir. 2000).

With regard to the phone records, the undersigned finds that these records are not new and are merely cumulative of testimony presented during trial. Petitioner acknowledges in his Petition that he previously raised arguments related to the telephone and that the phone records "would have been available to trial counsel had she engaged in reasonable investigation." (Petition, pp. 5, 10) Further, the defense's theory was that Petitioner fled from the real shooter, losing his hotel key and cell phone in a parking lot. Petitioner's attorney questioned the Petitioner during trial regarding that ownership of that key and cell phone, and Petitioner testified that the key was to his room at the Economy Inn and the cell phone belonged to him. (Resp. Exh. 2, pp. 643-44) A hotel employee testified that the Petitioner was registered as a guest at the hotel on the dates in question and that the key found was the same orange color as the keys at the Economy Inn. (Resp. Exh. 2, pp. 611-613)

Additionally, Petitioner's attorney argued in her closing argument that Petitioner dropped his key and cell phone in a parking lot and that the police officers testified that the shooter never ran to the parking lot. (Resp. Exh. 2, p. 750) Further, the prosecutor did not argue that the phone and the key did not belong to the Petitioner but that the evidence did not tell the jury anything helpful. (Resp. Exh. 2, pp. 759-760) The record also demonstrates that the jury asked for the check out form, cell phone, and room key during its deliberations, indicating that they did consider Petitioner's argument. (Resp. Exh. 2, p. 767) Verification by phone records that the phone did, in fact, belong to the Petitioner fails to demonstrate "new" evidence not available at trial or through due diligence.

In addition, Petitioner is unable to demonstrate that, if the jury had the phone records, "no reasonable juror would have returned a verdict of guilty." Moore-El v. Luebbers, 446 F.3d 890, 903

(8th Cir. 2006). Petitioner argues that the evidence would have established that the police officers were mistaken or lying with regard to the shooter's identification. The evidence merely tends to impeach the testimony of two police officers and buttress Petitioner's defense. This, however, is insufficient to demonstrate actual innocence. See Allen v. Nix, 55 F.3d 414, 417 (8th Cir. 1995) (finding newly discovered evidence insufficient to establish actual innocence where testimony only tended to impeach witness' testimony and indirectly support the petitioner's version of the facts); Morris v. Dormire, 217 F.3d 556, 559 (8th Cir. 2000) (rejecting petitioner's actual innocence claim because testimony of ballistics expert and an additional witness tended only to impeach trial testimony and was cumulative of prior evidence).

Thus, the undersigned finds that none of the evidence proposed by the Petitioner allows Petitioner to utilize the actual innocence gateway. The evidence fails to rise to the level of new reliable evidence required to show actual innocence. In addition, the evidence merely tends to impeach eyewitness testimony and buttress Petitioner's defense, which is insufficient to establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. Therefore, Petitioner is unable to overcome the procedural bar, and this Court is precluded from addressing the merits of Petitioner's claim that trial counsel was ineffective for failing to investigate mobile phone records, failing to order DNA testing on clothing, and failing to order ballistics tests on bullet holes in vehicles. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001). Thus, claims one and three[2] should be denied.

---

[2] Petitioner's third claim for habeas relief is a free-standing claim of actual innocence. (Petition, p. 6) While the Court addresses Petitioner's actual innocence argument in determining whether the evidence is sufficient to overcome the procedural bar, claims of actual innocence, standing alone, are not cognizable in habeas proceedings. Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002). Therefore, Petitioner's third claim for relief should be denied as non-cognizable.

7

**Claim Two**

Petitioner's second claim for habeas relief alleges that trial counsel was ineffective for failing to adequately prepare the Petitioner for cross-examination. Specifically, Petitioner asserts that counsel neglected to warn Petitioner that his testimony was crucial to his case. Respondent contends that Petitioner's claim is procedurally barred because Petitioner failed to present the same factual and legal theory in state court.

As previously stated, to preserve a claim for federal review, "a federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006). Here, Petitioner acknowledges that he did not raise the same claim in his Rule 29.15 appeal and that he procedurally defaulted on this claim.[3] However, Petitioner asserts that this Court may address his ineffective assistance of counsel claim under the actual innocence gateway.

As stated above, Petitioner is unable to pass through the actual innocence gateway because he has failed to present new reliable evidence not submitted at trial which establishes that, more likely than not, no reasonable juror would have convicted Petitioner in light of this evidence. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001). Therefore, this court is precluded from addressing the merits of his second claim for habeas relief, and the claim should be denied as procedurally barred.

Accordingly,

---

Thomas v. Dwyer, No. 4:04CV746-DJS, 2007 WL 2137807, at *4 (E.D. Mo. July 23, 2007).

[3] On appeal, Petitioner argued that counsel was ineffective for calling Petitioner to testify because his testimony provided evidence from which the jury could infer motive, deliberation, consciousness of guilt, a propensity to lie, and ultimate guilt. (Resp. Exh. 9, p. 12) In his Traverse, Petitioner admits that "Petitioner's claim that his trial counsel failed to prepare him for cross-examination has not been addressed in any other court to this date." (Traverse, p. 9)

8

**IT IS HEREBY RECOMMENDED** that the petition of Johnie Wilkerson for a writ of habeas corpus be **DISMISSED** without further proceedings.

The parties are advised that they have until February 20, 2009 in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   9th   day of February, 2009.